Lotz, C. J.
The appellant prosecuted this action in the court below to recover damages for wheat alleged to have been lost in the transportation of the same from Bruceville, a station on appellee’s road, to the city of Vincennes.
The contention of appellant was that he placed on appellee’s cars for shipment five thousand bushels of wheat, and that appellee only delivered at the point of destination about forty-six hundred bushels.
The only assignment of error discussed by appellant’s counsel is that of the overruling of the motion for a new trial.
It appears, from the evidence, that a portion of the wheat was loaded and shipped in two cars, one of which was numbered 439, and the other numbered 1889. The appellant sought to show that there was a less quantity of wheat in these two cars when they reached their destination than when they were loaded.
The appellant called as a witness one of the members *180 of the firm to which the wheat had been consigned, and propounded this question: "How much wheat, if you know, was delivered to your firm out of cars Nos. 439 and 1889 each, from Buck?”
Filed Nov. 21, 1894.
The court sustained an objection to this question. This ruling is one of the causes for a new trial. There was no error in this, for the witness had previously stated that he only saw a part of the wheat weighed, and that he could not say how many bushels were in cars numbered 439 and 1889.
Another cause for a new trial is based upon the refusal of the court to permit the appellant to read in evidence a memorandum of the weights of the wagon, loads of wheat put in the cars at Bruceville. The original memorandum was made by different persons, and only a copy of it was produced on the trial. There was no error in excluding it. The memorandum is not found in the bill of exceptions.
The appellant also complains of the instructions given to the jury by the court. It is insisted that the instructions are so lengthy and cover so many questions of law not germane to the issue or evidence that they were confusing and misleading, and actually did mislead the jury. It is true the charges are lengthy, but we think they fairly state the law, and are not misleading.
Judgment affirmed, at costs of appellant.